UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 14-7899 SJO (AGRx) | **DATE:** August 17, 2015 |
| **TITLE:** Charles Grenander v. Capital One National Association | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**            **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY CLASS** [Docket No. 24]

This matter is before the Court on Plaintiff Charles Grenander's ("Plaintiff") Motion to Certify Class ("Motion"), filed May 11, 2015. Defendant Capital One National Association ("Capital One" or "Defendant") filed an Opposition to the Motion ("Opposition") on June 8, 2015. Plainitff filed a Reply on June 22, 2015. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 6, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Plaintiff's Motion to Certify Class.

I.      PROCEDURAL AND FACTUAL BACKGROUND

        A.      Allegations in Complaint

This case is a putative class action for violations of the Rees-Levering Automobile Sales Finance Act, Cal. Civ. Code §2981, *et seq.* (the "Rees-Levering Act") and the California Unfair Competition Law (Cal. Bus. & Prof. Code §17200. *et seq.* ("UCL")). Plaintiff's First Amended Complaint alleges the following. On January 25, 2012, Plaintiff purchased a used 2008 BMW Z4 from a dealership in California. (First Am. Compl. ("FAC") ¶ 8, ECF No. 13.) The dealership arranged financing for the purchase, and assigned the conditional sale contract to Capital One. (FAC ¶ 8.) The conditional sale contract (a "Form Agreement") is regulated by the Rees-Levering Automobile Sales Finance Act, and provides that the holder of the contract is subject to all claims and defenses that the consumer could assert against the seller. (FAC ¶ 8.)

On January 31, 2013, Capital One repossessed Plaintiff's vehicle. (FAC ¶ 9.) On February 4, 2013, Capital One mailed Plaintiff a document titled "Notice of Intent to Dispose of Motor Vehicle" ("NOI"), stating that the vehicle had been repossessed and would be sold unless Plaintiff redeemed the vehicle by paying the full balance remaining on the loan, or paid a certain amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   CV 14-7899 SJO (AGRx)          DATE:   August 17, 2015

to reinstate the contract.  (FAC ¶ 9, Ex. A.)  This notice lacked certain disclosures mandated by California Civil Code sections 2983.2(a)(1)-(a)(9).  (FAC ¶ 9.)

Following the repossession, Plaintiff contacted Capital One to attempt to recover his vehicle and reinstate his contract, but Capital One informed him that he would have to provide three references, proof of income, proof of insurance, proof of residency, and a valid driver's license.  (FAC ¶ 10.)  This information was not disclosed on the NOI, and Plaintiff was required to make further inquiry in order to learn the necessary requirements for reinstatement.  (FAC ¶ 10.)  Ultimately, Plaintiff was unable to recover his vehicle, and Capital One subsequently sold the vehicle and assessed a deficiency balance of around $12,355.21 against him.  (FAC ¶ 11.)  Capital One then falsely represented to Plaintiff that he owed this deficiency balance when, in fact, he did not because of Capital One's noncompliance with the Rees-Levering Act.  (FAC ¶ 11.)

    B.    <u>Undisputed Facts</u>

The following facts are undisputed by the parties.  Capital One Auto Finance ("Capital One") was assigned a retail installment sale contract between Charles L. Grenander and CarMax Auto Superstores California, LLC, dated January 12, 2012 (the "Contract"), for the sale and financing of a 2008 BMW Z4 (the "Vehicle").  (Def.'s Reply Separate Statement of Undisputed Facts ("RSUF") ¶ 1, ECF No. 37.)  Upon taking assignment of the Contract, a Capital One account was established in Grenander's name with an account number ending in "3824."  (RSUF ¶ 2.)  Pursuant to the Contract, the "Amount Financed" was $27,697.44, payable in 72 monthly installments of $552.91, with payments beginning February 26, 2012.  (RSUF ¶ 3.)  The Contract provides on Page 2 (the back) in relevant parts:

> **Default and Required Repayment in Full.** You will be in default if you fail to make any payment required by this Contract. You will also be in default if you break any other promise you have made in this Contract or if a bankruptcy or insolvency proceeding is initiated by you or against you. If you default we may require that you pay all you owe on this Contract at once subject to any right you may have to reinstate this Contract.
>
> **INSURANCE REQUIREMENTS.** You agree to have physical damage insurance covering loss or damage to the Vehicle as long as amounts are owed under this Contract. . . . You agree to give us evidence of all required insurance promptly upon request.
>
> **Delay in Enforcing Rights.** We will not lose any of our rights under this Contract if we delay or refrain from enforcing them. For example, we may extend the time for making some payments without extending others. Our acceptance of any late or

CASE NO.:  CV 14-7899 SJO (AGRx)                    DATE:  August 17, 2015

partial payment does not excuse your late or partial payment or mean that you may continue to make late or partial payments.

(RSUF ¶¶ 4-6.)

Sometime before or after Grenander applied for an auto loan from Capital One, his wages were garnished by the federal and state taxing authorities, resulting in a 25% deduction from his paycheck each week. (RSUF ¶ 7.) Grenander's car payments were returned for non-sufficient funds in May 2012, July 2012, August 2012, September 2012, October 2012, and November 2012. (RSUF ¶ 8.) Capital One sent Grenander letters dated September 4, 2012, and September 18, 2012, entitled "NOTICE OF DEFAULT AND RIGHT TO CURE," stating in part that: "This is notice that you have failed to comply with the terms and conditions of the above-referenced account by failing to make payments when they were due. . . . If you do not pay the amount due, we may exercise our rights under the law. These rights include, but are not limited to, the right to accelerate the debt, repossess the collateral and obtain a repossession title."[1] (RSUF ¶¶ 9, 10.)

On January 31, 2013, Regal Recovery, a repossession agent retained by Capital One, located and secured the Vehicle. (RSUF ¶ 11.) Grenander was over four months behind on payments when the Vehicle was repossessed on January 31, 2013. (RSUF ¶ 12.) On February 4, 2013, Capital One sent Grenander a nine-page letter entitled "Notice of Our Plan to Sell Property" (the "NOI"). (RSUF ¶ 13.)

After a car is repossessed, it is stored at the repossession agent's premises until it is transported to the auction house to be sold. (RSUF ¶ 19.) When Capital One sent Grenander his NOI, Capital One did not know which day within the repossession period that Grenander might try to reinstate, if ever. (RSUF ¶ 21.)

Grenander's memory of events in 2012–2013 is fuzzy due to the passage of time. (RSUF ¶ 35.) Capital One maintains a documentary record of activity on Grenander's account, including communications with Grenander, in the Account Activity Notes Report for Grenander's account. (RSUF ¶ 36.) The Account Activity Notes for Grenander's account reflect that Grenander called Capital One on February 4, 2013, and spoke to Michael Fish, a member of Capital One's

---

[1] Paragraph 9 of the Statement of Facts states that it is undisputed that a letter was sent September 4, 2013, not September 4, 2012. Because it is implausible that a Notice of Default would have been sent in September 2013, long after the Vehicle had already been repossessed, and because the actual exhibit bears the date of September 4, 2012, the Court assumes that this is a typographical error and that 2012 is the correct date. (*See* Decl. of Kevin Lawson ("Lawson Decl.") Ex. 7, ECF No. 22-7.)

reinstatement team.  (RSUF ¶ 37.)  The Account Activity Notes from Grenander's February 4, 2013, call with Mr. Fish reflect that Grenander said his reason for delinquency was that his wages had been garnished by taxing authorities.  (RSUF ¶ 39.)  According to the Account Activity Notes, Grenander called Capital One four days later, on February 8, 2013, and spoke with Angie Dadey, who is a member of Capital One's "Better Alternative Than Auction" ("BATA") loan modification department.  (RSUF ¶ 41.)

On March 11, 2013, the Vehicle was sold at auction by ADESA, a third-party auction house, and the sale proceeds received by Capital One were applied to reduce his balance.  (RSUF ¶ 48.)  Grenander has lived in the same motel since before he purchased the BMW until at least March 23, 2015, the date of his deposition.  (RSUF ¶ 50.)  Grenander does not have a copy of his credit report and did not provide one to his counsel.  (RSUF ¶ 51.)  Grenander visited two car dealerships in Burbank, where he was told his credit has been affected by the repossession. (RSUF ¶ 54.)

      C.    Procedural History

This action was filed August 26, 2014, in the Superior Court of California, County of Los Angeles. On October 10, 2014, Defendant removed this action to this Court, asserting jurisdiction under the Class Action Fairness Act ("CAFA").  On May 1, 2015, Defendant filed a Motion for Summary Judgment (ECF No. 20), and on May 11, 2015, Plaintiff filed the instant Motion seeking certification of a class (the "Class") defined as "all consumers who (a) purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*; (b) whose motor vehicle was repossessed or voluntarily surrendered; (c) who were issued a NOI by Capital One National Association; and (d) against whose account a deficiency balance was assessed from November 16, 2010 to present.   (Motion for Class Certification ("Motion") 2, ECF No. 24.)   Defendant filed an Opposition to Class Certification ("Opposition") on June 8, 2015. (ECF No. 28.)  Plaintiff filed a reply on June 22, 2015.  (ECF No. 41.)  On July 27, 2015, the Court granted partial summary judgment in favor of Defendant on part of Plaintiff's Rees-Levering Act claim.  Plaintiff's remaining claim is that Defendant violated the Rees-Levering Act by requiring references, proof of income, a valid driver's license, and proof of residency for reinstatement without disclosing these requirements in the NOI.

II.    DISCUSSION

"Class actions have two primary purposes:  (1) to accomplish judicial economy by avoiding multiple suits; and (2) to protect the rights of persons who might not be able to present claims on an individual basis."  *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)).  Rule 23(a) of the Federal Rules of Civil Procedure provides that a class action is only appropriate if the following four prerequisites are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 14-7899 SJO (AGRx)          DATE:  August 17, 2015

met: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). If all of these prerequisites are satisfied, the court must then determine whether the class action is maintainable under Rule 23(b). Fed. R. Civ. P. 23(b).

A party seeking to certify a class may not merely rest on his pleadings. Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are **in fact** sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). "[A]ctual, not presumed, conformance with Rule 23(a) remains []indispensable." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 160 (1982). Trial courts are expected to engage in a "rigorous analysis" to determine if the prerequisites of Rule 23 have been satisfied. This rigorous analysis will often "overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Id.* (internal citations omitted); *see also Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, __ U.S. __, 133 S. Ct. 1184, 1195 (2013) ("Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.").

  A.    Rule 23(a) Requirements

     1.    Numerosity

The numerosity requirement is met where the party seeking certification shows the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff alleges that according to Capital One's records, there are 13,776 putative class members. (Declaration of Elliot Conn ("Conn Decl.") ¶ 19, ECF No. 27.) Capital One does not dispute that the proposed class meets Rule 23(a)'s numerosity requirement or that joinder of the proposed class members would be impracticable. (*See generally* Opp'n, ECF No. 28.) The Court concludes that the Class is sufficiently numerous under Rule 23(a).

     2.    Commonality

Commonality under Rule 23(a)(2) "requires the plaintiff to demonstrate that the class members have suffered the same injury." *Dukes*, 131 S. Ct. at 2551 (internal citation and quotation marks omitted). "[This] does not mean merely that they have all suffered a violation of the same provision of law." *Id.* The Rees-Levering Act's disclosure requirements, for example, can be violated in many ways. *Id.* Rather, class wide claims "must depend upon a common contention . . . of such a nature that . . . determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*; *accord Abdullah v. U.S. Sec.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   CV 14-7899 SJO (AGRx)           DATE:  August 17, 2015

*Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (common answers generated must be "apt to drive the resolution" of class claims) (quoting *Dukes*, 131 S. Ct. at 2551).  "In order to assess commonality, 'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'"  *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 506 (N.D. Cal. 2012) (*quoting Gen. Tel. Co. of Sw.*, 457 U.S. at 160).  However, "[t]he court may not go so far . . . as to judge the validity of [the] claims."  *United Steel Workers v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) (citation omitted).  For the purposes of demonstrating commonality, "even a single common question will do."  *Dukes*, 131 S. Ct. at 2556 (internal quotations marks, formatting and citation omitted); see also *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) ("[C]ommonality only requires a single significant question of law or fact.") (citation omitted).

Plaintiff alleges that the following questions, which are common to the Class members, are apt to generate common answers:  (1) whether Capital One failed to provide Class members a statutory notice containing all of the disclosures required by the Rees-Levering Act; (2) whether Class members were required to make "further inquiry" as a condition precedent to reinstatement of their contracts; (3) whether Capital One required Class members to provide information and documentation not permitted under the Rees-Levering Act as a condition precedent to reinstatement; (4) whether Capital One collected, or attempted to collect, deficiency balances from Class members that it had no legal right to obtain; and (5) whether Capital One misrepresented to Class members that they were liable for deficiency balances when there was no obligation to pay such amounts, and falsely report deficiencies as valid debts to credit reporting organizations. (Mot. 19.)  Plaintiff maintains that "the questions and the answers to those questions are common to the class and predominate over any individual issue unique to any class member." (Mot. 19-20, citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-20 (9th Cir. 1998).)

Capital One argues that the proposed Class is overbroad, and that Plaintiff's attempt to certify, as a single Class, individuals not equally affected by the alleged violations should fail. (Opp'n 6, citing *Gass v. Best Buy Co.*, 279 F.R.D. 561, 568 (C.D. Cal. 2012).)

"*General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740, describes the proper approach to commonality. On the facts of this case, the conceptual gap between [Plaintiff's] claim and 'the existence of a class of persons who have suffered the same injury,' must be bridged by '[s]ignificant proof that [Defendant] operated under a general policy of discrimination.'"   *Dukes,* 131 S. Ct. at 2545. (internal citations omitted.)  As in *Dukes,* such proof is absent here. Capital One's repossession policies and procedures manuals', provided to the Court by Plaintiff in support of the instant motion, list the documentation required for reinstatement for California customers.  Those lists include no required documentation beyond those listed on the NOIs.  (Conn. Decl. Ex. 17 5-6, 39-42.)  Plaintiff's only evidence that Capital One required additional information not disclosed on their NOIs in order to reinstate his loan is his own declaration and his own accounts of phone conversations with Capital One.  He stated that he was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 14-7899 SJO (AGRx)            DATE: August 17, 2015

told, during phone conversations with Capital One representatives, that in order to reinstate his loan he would have to provide proof of income, proof of residency, three references, proof of insurance, and a valid driver's license. (Decl. of Charles Grenander ("Grenander Decl.") ¶¶ 7, 10, ECF No. 34.)  If these were in fact requirements for reinstatement, there would be a violation of the Rees-Levering Act because (aside from the proof of insurance requirement) these requirements were not disclosed in the NOI. Capital One has argued that Plaintiff is simply mistaken, and that those requirements were Capital One's requirements for a different program, the "Better Alternative Than Auction" ("BATA") loan modification, and that if Plaintiff wished to reinstate the loan without a loan modification, the documentation set forth in the NOI letter would have been sufficient. (*See* RSUF ¶¶ 28-35.)  The Court found Plaintiff's evidence sufficient to withstand a motion for summary judgement with respect to these alleged undisclosed requirements for reinstatement (*See* Order Denying in Part and Granting in Part Defendant's Motion for Summary Judgment, ECF No. 45. (Plaintiff's declaration is sufficient to raise a genuine dispute of material fact concerning whether Capital One required references, proof of income, a valid driver's license, and proof of residency for reinstatement).)  However, "[t]he crux of this case is commonality–the rule requiring a plaintiff to show that 'there are questions of law or fact common to the class.'"  *Dukes*, 131 S. Ct. at 2550 (quoting Fed. R. Civ. P. 23(a)(2).)

Plaintiff has not offered evidence to convincingly establish that it was Capital One's policy to require additional information for reinstatement.  Plaintiff has not "bridge[d] the conceptual gap" described in *Dukes.*  131 S. Ct. at 2545.  While Plaintiff's Declaration that he was told additional documents were required to reinstate his loan is sufficient to support his **individual** claim at this stage, and if other customers were subjected to these additional requirements that could be the basis of a class claims, recognizing that a claim "can" exist does not mean that every [person whose car was repossessed or voluntarily surrendered and who subsequently received an NOI from Defendants] has a common claim.  *Dukes*, 131 S. Ct. at 2554-57.  Given the content of Capital One's pertinent polices and procedures manuals, and the failure to proffer evidence beyond his own declaration, Plaintiff's attempt to establish that Capital One had a policy or common practice of requiring documentation not disclosed on NOIs in order to reinstate California customer's auto loans falls well short.  *Id.*  Capital One argues that the question of whether members of the proposed Class were told, during telephone calls with Capital One representatives, that additional documentation was required for their auto loan reinstatement, as opposed to a BATA modification, "necessarily depend[s] on hundreds of individual communications," and thus could not be answered in "one stroke."  (Opp'n 7, citing *Dukes*, 131 S. Ct. at 2551.)  The Court agrees.

First, Capital One's manual conflicts with the contention that documentation, other than that listed on California customer NOIs, was required for reinstatement.  (*See generally* Conn Decl. ¶ 17, Ex. P.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 14-7899 SJO (AGRx)    **DATE:** August 17, 2015

Second, Plaintiff's declaration makes it clear that his understanding that additional documentation was required from him in order to reinstate his loan resulted from a telephone communication, and is uncorroborated by the Capital One representative's internal notes, which do not support a conclusion that Plaintiff's recollection supports a Capital One practice. (*See* Grenander Decl. ¶¶ 7, 10; Conn Decl. ¶ 9, Ex. H.) Such shortcomings, in turn, invite individualized inquiries.

"Fundamentally, '[t]he party seeking class certification bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met.'" *ConocoPhillips*, 593 F.3d at 807 (*quoting Zinser*, 253 F.3d at 1186). Given the numerous individualized inquiries that class litigation would necessitate due to the lack of commonality, Plaintiff has failed to show that class adjudication is the superior method for resolving their disputes.

Because Plaintiff has failed to demonstrate commonality, the Court need not address the remaining Rule 23(a) requirements.

      B.    Rule 23(b) Requirements

As Plaintiff fails to meet the requirements for class certification under Rule 23(a), the Court need not address the maintainability analysis under Rule 23(b).

In the aggregate, Plaintiff has failed to show that the adjudication of this matter as a class action promotes judicial economy. *See Haley*, 169 F.R.D. at 647.

III.    RULING

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Class Certification.

IT IS SO ORDERED.